**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 12-10264 |
| Plaintiff - Appellee, | D.C. No. 4:11-cr-02230-DCB-JJM-3 |
| v. | |
| FREDERICK PARKER, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Arizona
David C. Bury, District Judge, Presiding

Argued and Submitted May 10, 2013
San Francisco, California

Before: W. FLETCHER, GOULD, and CHRISTEN, Circuit Judges.

Defendant-Appellant Frederick Parker appeals his conviction for conspiracy

to possess a destructive device in violation of 18 U.S.C. § 371 and 26 U.S.C.

§ 5861(d) and possession of a destructive device in violation of 26 U.S.C.

§ 5861(d). He contends that the district court abused its discretion by denying his

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

motion to sever his trial from that of his co-defendant. Parker's co-defendant was charged with drug-trafficking and firearm crimes in addition to being charged with the same crimes as Parker.

We hold that the district court did not abuse its discretion because the joint trial was not "so manifestly prejudicial as to require the trial judge to exercise his discretion in but one way, by ordering a separate trial." *United States v. Sullivan*, 522 F.3d 967, 981 (9th Cir. 2008) (quoting *United States v. Decoud,* 456 F.3d 996, 1008 (9th Cir. 2006)). The most important factors in determining whether there was manifest prejudice "are whether the jury can compartmentalize the evidence against each defendant and the judge's diligence in providing evidentiary instructions to the jury." *Sullivan*, 522 F.3d at 981–82.

Parker was convicted based on evidence of his involvement in firebombing a house thought to belong to a person involved in an attempted drug deal with some Mexican Mafia members. Parker got involved in the firebombing because he was living with a Mexican Mafia member. Parker was tried with a Mexican Mafia leader named Alcantar. Two Mexican Mafia members testified for the government against Alcantar and Parker, both of whom were involved in tossing gasoline-filled bottles at the home.

Here, the jury was able to compartmentalize the evidence, as shown by "its failure to convict all defendants on all counts." *Id*. at 982 (citation omitted). The jury acquitted Parker's co-defendant on two charges. This selective verdict shows that the jury considered the evidence on each charge in the indictment and gave each "individual consideration." *Id*.

Additionally, the prosecutors and witnesses presented the evidence in a way that allowed the jury to compartmentalize the evidence. For example, in opening statement and closing argument, the prosecutor said that Parker was not a member of the Mexican Mafia or the drug conspiracy. The witnesses testified that Parker was not a member of the Mexican Mafia and gave no evidence that Parker participated in the drug conspiracy. These statements by the prosecutor in opening statement and closing argument, and the statements of the witnesses in testimony, tend to show that the jury understood the differences between the two defendants and their alleged offenses.

The judge explicitly provided limiting instructions about the separate charges and evidence at the start of the trial, during the presentation of evidence, and at the end of the trial. *See Sullivan*, 522 F.3d at 982 n.9. These instructions "neutralized" any prejudicial effect of the evidence admitted only against his co-defendant. *United States v. Stinson*, 647 F.3d 1196, 1205 (9th Cir. 2011) (quoting

3

*United States v. Patterson*, 819 F.2d 1495, 1503 (9th Cir. 1987)). Parker has not shown that "the curative instructions were inadequate." *United States v. Johnson*, 297 F.3d 845, 855 (9th Cir. 2002). Instead, the instructions were fair and adequate.

Assuming without deciding that the abuse-of-discretion standard from *United States v. Hinkson*, 585 F.3d 1247, 1267 (9th Cir. 2009) (en banc), applies, we hold that the district court did not abuse its discretion because the court "identified the correct legal standard" and its application of that standard was "not illogical, implausible, or without support in inferences that may be drawn from the facts in the record."

**AFFIRMED**.